IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | | |
|---|---|---|
| IN RE: | * | |
| | * | Case No. 23-13736 MCR |
| ZIP MAILING SERVICES, INC. | * | |
| Debtor. | * | (Chapter 11 – Subchapter V) |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**BREAKOUT CAPITAL, LLC'S OBJECTION TO DEBTOR'S MOTION FOR ENTRY OF INTERIM ORDER (I) AUTHORIZING THE USE OF CASH COLLATERAL, (II) GRANTING ADEQUATE PROTECTION PURSUANT TO 11 U.S.C. §§361 AND 363 AND (III) SCHEDULING A FINAL HEARING**

NOW COMES, Breakout Capital, LLC, by and through the undersigned, hereby objects to the Debtor's Motion for Entry of Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection Pursuant To 11 U.S.C. §§361 and 363 And (III) Scheduling A Final Hearing. In support of this objection, Breakout Capital, LLC states as follows:

1. That on or about May 26, 2023, the Debtor, Zip Mailing Services, Inc. (hereinafter, referred to as "Debtor") filed a voluntary petition for relief under Chapter 11, Subchapter V, of the Bankruptcy Code[1].

2. That in addition to the voluntary petition, Debtor also filed an Emergency Cash Collateral Motion and an emergency Motion to Pay Pre-Petition Wages ("Emergency Cash Collateral Motion").

---

[1] Notably, the Petition was filed in the afternoon of May, 26, 2023, the Friday before Memorial Day Weekend, along with the Emergency Motion for Cash Collateral (ECF No. 7) and Motion to Shorten Time for Creditors and Parties-in-Interest to File Responses to Fist Day Motion (ECF No. 9), which was promptly granted and an initial hearing scheduled and held on June 1, 2023.

3. That on or about May 31, 2023, the United States Trustee filed an Objection to the Debtor's First Day Motion. (ECF No. 14).

4. That Respondent Breakout Capital, LLC is a secured Creditor which timely filed a Proof of Claim, (Claim No. 6-1) on June 2, 2023, in the secured amount of $682,281.24. Undersigned Counsel filed Notice of Appearance on the same day.

5. That on or about June 2, 2023, this Honorable Court issued an Interim Order, (I) authorizing the Cash Collateral, (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§361 and 363; and (III) scheduled a hearing on said Motion.

6. That Respondent's Claim is based on Commercial Business Loan and Security Agreement and is secured by UCC- Financing Statement filed on February 27, 2023, granting Respondent a broad blanket lien and security interest in the debtor's collateral. A copy of the UCC- Filing Statement is attached hereto as **Exhibit A.** Specifically, the UCC- Filing statement provides that it covers the following collateral:

> All of each Debtor's present and future personal property, accounts, chattel paper, deposit accounts, goods, assets and fixtures, letter of credit rights, documents, securities entitlements, securities accounts, commodity accounts, commodity contracts, investment property, payment intangibles, general intangibles, instruments, equipment, inventory, commercial tort claims, all supporting obligations of the foregoing, all cash and cash equivalents, and all proceeds and products of the foregoing, and all additions and accessions thereto, substitutions therefor and replacements thereof, in each case whether now owned or hereafter arising or acquired by any Debtor and wherever located. Unless otherwise consented to in advance in writing by Secured Party, each Debtor is prohibited from (i) entering into any merchant cash advance or any loan agreement with any party other than Secured Party or the U.S. Small Business Administration (the "SBA") or any equipment lender secured solely by new equipment purchased with the proceeds of its loan, (ii) incurring any other indebtedness for borrowed money with any party other than Secured Party or the SBA or any equipment lender secured solely by new equipment purchased with the proceeds of its loan, (iii) selling or granting any security interest in any current or future receivable(s) of such Debtor, or (iv) entering into any other type of financing agreement or arrangement whereby such Debtor is required to make periodic payments, deliveries, or remittances to a third party other than financing agreements or arrangements with the SBA or any

equipment lender secured solely by new equipment purchased with the proceeds of its loan or equipment leases of new equipment.

7. Further, the Debtor has scheduled Respondent as an undisputed Secured Creditor in Schedule D. The Debtor also scheduled assets in the amount of $269,986.99 including Accounts Receivable. Notably the Debtor Scheduled Accounts Receivable in the amount of $213,348.09, however arbitrarily reduced the value of the Accounts Receivable to only $152,348.09. Respondent's Claim is secured by the debtor's collateral, including but not limited to these accounts receivables.

8. Pursuant to the Debtor's Emergency Cash Collateral Motion, the Debtor, asserts that Newco Capital Group VI, LLC ("NCG") holds a first priority lien in its "accounts" in amount of $169,328.50 by virtue of a UCC-1 Financing Statement. On or about June 1, 2023, NCG filed their Proof of Claim in the amount of $168,335.55 (Claim No. 4-1).

9. The Debtor's Emergency Cash Collateral Motion provides that NCG is secured and provides for Adequate Protection and replacement liens to NCG. However, the Motion improperly provides that Respondent's lien is wholly unsecured. Respondent objects to the assertion as Respondent's secured claim is at least partially secured. Accordingly, Respondent is entitled to Adequate Protection and along with a replacement lien on the same assets and in the same priority and extent of its Pre-Petition Collateral.

10. Additionally, Respondent has raised concerns related to the apparent brazen "Stacking" expressly prohibited by the Business Loan and Security Agreement and Anti-Stacking Confirmation executed by the Debtor. Specifically, according to the Debtor's own schedules and Emergency Cash Collateral Motion, merely Two days after entering into the Agreement with Respondent, on March 1, 2023, the Debtor borrowed more than $228,000.00 from Everest Business Funding. Less than a month later, on March 28, 2023, the Debtor borrowed more than

$122,000.00 from Ultra Funding, LLC. Between February 27, 2023, and March 28, 2023, the Debtor received over $1 million in loan proceeds. The Debtor filed this bankruptcy case less than two months after it received the proceeds from its third loan.  Respondent reserves all rights related to these concerns.

11.  Respondent has discussed this matter with Debtor's Counsel and reached a preliminary temporary agreement to provide for Respondent's Claim as secured, provide additional protections, including adequate protection payments for the three-week period in the amount of $600.00 per month.  **Such agreement is without prejudice or waiver to Respondent as to any rights or determinations as to future adequate protection or extent of secured status**.

WHEREFORE, Respondent Breakout Capital respectfully requests that the Emergency Motion for Cash Collateral be denied, or in the alternative modified to properly provide for Respondent's Claim as secured, providing for adequate protection and, for such other and further relief as is warranted.

Dated:       June 6, 2023             /s/Owen Hare
                                      Owen Hare
                                      MD Federal Bar #17924
                                      Friedman, Framme & Thrush, P.A.
                                      10461 Mill Run Circle, Ste. 550
                                      Owings Mills, MD 21117
                                      (410) 559-9000
                                      ohare@fftlaw.com

                                      *Counsel for Breakout Capital, LLC*

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 6th day of June 2023, a copy of the foregoing Objection to Debtor's Emergency Motion for Cash Collateral, was sent via ECF to the following:

- Christopher L. Hamlin   chamlin@mhlawyers.com, moorehead@mhlawyers.com; chamlin@ecf.inforuptcy.com;Hamlin.ChristopherR92003@notify.bestcase.com;aromero@mhlawyers.com
- Nicole C. Kenworthy   bdept@mrrlaw.net
- Lynn A. Kohen   lynn.a.kohen@usdoj.gov
- Stephen A. Metz   smetz@offitkurman.com, mmargulies@offitkurman.com; MD71@ecfcbis.com
- L. Jeanette Rice   Jeanette.Rice@usdoj.gov, USTPRegion04.GB.ECF@USDOJ.GOV
- US Trustee - Greenbelt   <u>USTPRegion04.GB.ECF@USDOJ.GOV</u>
- Newco Capital Group VI LLC, c/o Ariel Bouskila, Esq, Berkovitch Bouskila, PLLC 1545 U.S. 202, Suite 101, Pomona, New York 10970
- Ultra Funding, LLC, 50 Merrick Road, Suite 203, Rockville Certre, NY 11570;
- Rapid Finance, 4500 East West Highway, 6th Floor, Bethesda, MD 20814;
- Everest Business Funding, 5 West 37th Street, Suite 100, New York, NY 10018

<u>/s/ Owen Hare</u>
Owen Hare