Entered: June 7th, 2023
Signed: June 7th, 2023

## SO ORDERED

For the reasons stated on the record at a hearing held on June 7, 2023.



MARIA ELLENA CHAVEZ-RUARK
U.S. BANKRUPTCY JUDGE

THE UNITED STATES BANKRUPTCY
COURT FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | | |
|---|---|---|
| **In re:** | * | |
| **ZIP MAILING SERVICES, INC.,** | * | Case No. 23-13736  MCR<br>Chapter 11<br>Subchapter V |
| Debtor. | * | |

*   *   *   *   *   *   *   *

**SECOND INTERIM ORDER (I) AUTHORIZING THE USE CASH COLLATERAL, (II) GRANTING ADEQUATE PROTECTION PURSUANT TO 11 U.S.C. §§ 361 AND 363 AND (III) SCHEDULING HEARING PURSUANT TO BANKRUPTCY RULE 4001(b)**

**THIS MATTER** came before the Court for hearing on the Debtor's Motion for Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361 and 363 and (III) Scheduling a Final Hearing (the "Motion")(Dkt.7), and the United States Trustee's Objection to Motion for Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361 and 363 and (III) Scheduling a Final Hearing (the "Objection")(Dkt.14) on June 2, 2023. Following the hearing, the Court (Ruark,J.) issued an Interim Order (I) Authorizing the Use of Cash Collateral (II)

Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361 and 363 and (III) Scheduling Hearing Pursuant to Bankruptcy Rule 4001(b) (Dkt.26)(the "Order") dated June 2, 2023. The Order expires June 6, 2023. The parties hereto have agreed to this Second Interim Order (I) Authorizing the Use of Cash Collateral (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361 and 363 and (III) Scheduling Hearing Pursuant to Bankruptcy Rule 4001(b)(the "Second Interim Order") authorizing Debtor's use of cash collateral through June 24, 2023.

**NOW THERFORE**, upon the consent of the parties hereto, and this Court having found just and sufficient cause for granting the requested relief, the United States Bankruptcy Court for the District of Maryland, hereby finds as follows:

1. On May 26, 2023 (the "Petition Date"), Debtor Zip Mailing Services, Inc. (the "Debtor"), filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code. Since the initiation of this bankruptcy case, the Debtor has remained in possession of its property and continues to manage its financial affairs as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2. This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. Notice of the Preliminary Hearing was provided by the Debtor to (i) the U.S. Trustee, (iii) Newco Capital Group, VI, LLC ("NCG"), Stephen A. Metz, Subchapter V Trustee, and (iv) all creditors of the Debtor in this bankruptcy case. Under the circumstances of this Preliminary Hearing, the notice of the Motion in this particular instance is adequate.

4. The Debtor has requested immediate entry of this Second Interim Order pursuant to Bankruptcy Rule 4001(b)(2). Absent entry of this Second Interim Order, the Debtor's business, property and estate will be irreparably harmed.

5. NCG asserts a secured claim against the Debtor pursuant to a certain purchase agreement and a UCC-1 Financing Statement filed with the Maryland State Department of Assessments and Taxation. NCG asserts an unpaid balance as of the Petition Date in the amount of approximately $169,328.50, exclusive of fees, costs and amounts that NCG is owed pursuant to that certain Agreement (the "Pre-Petition Indebtedness").

6. NCG asserts a security interest in and lien upon, all of Debtor's accounts receivable, and the proceeds thereof (the "Pre-Petition Collateral").

7. The Debtor's accounts receivable and rights to payment thereof (the "Cash Collateral") constitute NCG's collateral, is property of the Debtor's estate pursuant to Section 541 of the Bankruptcy Code and is cash collateral within the meaning of Section 363(a) of the Bankruptcy Code and may be used by the Debtor only with the consent of NCG or upon further Order8. of this Court.

8. Debtor has agreed to provide $980.00 as the adequate protection payment to NCG for use of Cash Collateral during the term of this Second Interim Order.

9. Breakout Capital, LLC ("BCL") asserts a secured claim against the Debtor pursuant to a loan and a UCC-1 Financing Statement filed with the Maryland State Department of Assessments and Taxation. BCG asserts an unpaid balance as of the Petition Date in the amount of approximately $682,681.24, exclusive of fees, costs and amounts that BCG is owed pursuant to that certain Business Loan and Security dated 2/27/2023 (the "BCL Agreement"). Pursuant to the BCL Agreement, BCL asserts a security interest in and lien upon, inter alia, all of

-3-

Debtor's accounts, chattel paper, deposit accounts, personal property, goods, assets and fixtures and the proceeds thereof, as more fully described on the BCL Agreement and BCL UCC-1 (referred to herein as the "BCL Collateral").

10. Debtor and BCL have agreed for purposes of this Second Interim Order that the value of the BCL Collateral is $76,000.00. Debtor has agreed to provide $600.00 as the adequate protection payment to BCL for the use of the BCL Collateral during the term of this Second Interim Order.

11. The Debtor has moved for authorization to use cash collateral. The immediate and continued use of cash collateral by the Debtor is necessary to avoid immediate and irreparable harm to the Debtor's bankruptcy estate.

12. Debtor has provided a proposed Budget for the period from June 4, 2023 through and including June 24, 2023 (the "Expiration Date") for payment of the specific expenses listed on the Debtor's Budget for the period from June 4, 2023 through June 24, 2023 (the "Budget"). The Preliminary Hearing having been held by this Court and upon the record made by the Debtor at the Preliminary Hearing, and upon the consent of the parties hereto to the entry of this Second Interim Order, and after due deliberation and consideration, and sufficient cause appearing therefore, it is, by the United States Bankruptcy Court for the District of Maryland, hereby:

**ORDERED**, That Debtor is authorized to use Cash Collateral on an interim basis, subject to and conditioned upon the terms of this Second Interim Order. This Second Interim Order shall immediately become effective upon its entry; and it is further

**ORDERED**, That the Debtor is hereby authorized to use the Cash Collateral during the period from June 7, 2023 through and including June 24, 2023 (the "Expiration Date") for payment of the specific expenses listed on the Debtor's Budget for the period from June 4, 2023

through June 24, 2023. Debtor's Budget is attached this Second Interim Order as Exhibit A, and made a part hereof.; and it is further,

**ORDERED**, That to the extent the Cash Collateral is used by the Debtor and such use results in a diminution of the value of the Cash Collateral, NCG is entitled, pursuant to sections 361(2) and 363(c)(2) of the Bankruptcy Code, to a replacement lien in Debtor's accounts receivable, and the proceeds of the foregoing, to the same extent and with the same priority as NCG's interest in the Pre-Petition Collateral; and it is further

**ORDERED**, That BCL is entitled, pursuant to sections 361(2) and 363(c)(2) of the Bankruptcy Code, to replacement liens in Debtor's accounts, chattel paper, deposit accounts, personal property, goods, assets and fixtures and the proceeds thereof, as more fully described on the BCL Agreement and BCL UCC-1, to the same extent and with the same priority as BCL's pre-petition liens in the BCL Collateral; and it is further

**ORDERED**, That creditors who assert liens in the Debtor's property retain their liens to the same extent and with the same priority as their pre-petition liens during the term of this Second Interim Order; and it is further

` **ORDERED**, That the liens and security interests granted hereby, shall become and are duly perfected without the necessity for the execution, filing or recording of financing statements, security agreements and other documents which might otherwise be required pursuant to applicable non-bankruptcy law for the creation or perfection of such liens and security interests; and it is further

**ORDERED**, That notwithstanding any other provision hereof, the grants of adequate protection pursuant hereto are without prejudice to the rights of any party, including the Debtor, to seek modification thereof so as to provide different, additional or no adequate protection at all

and to seek relief from the automatic stay, and without prejudice to the right of the Debtor to contest any such requested relief or modification. Except as expressly provided herein, nothing contained in this Order (including, without limitation, the authorization to use cash collateral) shall impair, waive or modify any rights, claims or defenses available in law or equity to the Debtor, the Estate and its creditors, regarding, without limitation, the extent and validity of NCG's interest in the Cash Collateral; and it is further

**ORDERED**, That the provisions of this Interim Order and any actions taken pursuant hereto shall survive the entry of any order (i) converting the case to a Chapter 7 case; or (ii) dismissing the case, and the terms and provisions of this Interim Order continue in full force and effect notwithstanding the entry of any such order, and such claims and liens shall maintain their priority as provided by this Interim Order and to the maximum extent permitted by law; and it is further

**ORDERED**, That the Debtor's use of Cash Collateral pursuant to this Second Interim Order shall terminate at the close of business on the Expiration Date (unless it has terminated prior thereto by order of the Court); and it is further

**ORDERED**, that Debtor may pay any other reasonable expenses during the pendency of this Order, upon the consent of the U.S. Trustee and the Subchapter V Trustee; and it is further

**ORDERED**, that a further hearing on the Motion will be **held on June 22 , 2023 at 12:00 p.m.,** in the United States Bankruptcy Court for the District of Maryland, 6500 Cherrywood Lane, Greenbelt, MD 20770. Immediately upon entry of this Interim Order, the Debtor shall promptly mail (and, to the extent possible, e-mail and/or send by overnight delivery) copies of this Interim Order to the United States Trustee, Stephen A. Metz, Subchapter Trustee, Ultra Funding, LLC, Rapid Finance, Everest Business Funding, Newco Capital Group VI, LLC, and

Owen Hare, Esq., Friedman, Framme & Thrush, P.A.,10461 Mill Run Circle,  Ste.500,Owings Mills, MD 21117. The Debtor shall file a certificate of service evidencing service of this Second Interim Order.  Any party-in-interest objecting to the relief sought at the hearing shall file written objections with the Bankruptcy Court and serve a copy to McNamee, Hosea, P.A., 6404 Ivy Lane, Suite 820, Greenbelt, MD  20770, Attn: Christophe L. Hamlin, Esq., (chamlin@mhlawyers.com) Attorneys for the Debtor; the Office of the United States Trustee, 6305 Ivy Lane, Suite 600, Greenbelt, Maryland 20770; Stephen A. Metz, Subchapter V Trustee, Offit Kurman, LLC, 7501Wisconsin Avenue, Suite 1000W, Bethesda, Maryland 20814 smetz@offitkurman.com,;Newco Capital Group VI LLC, c/o Ariel Bouskila, Esq, Berkovitch & Bouskila, PLLC 1545 U.S. 202, Suite 101, Pomona, New York 10970; Ultra Funding, LLC, 50 Merrick Road, Suite 203, Rockville Certre, NY 11570; Rapid Finance, 4500 East West Highway, 6th Floor, Bethesda, MD 20814; Everest Business Funding, 5 West 37th Street, Suite 100, New York, NY 10018, and Owen Hare, Esq., Friedman, Framme & Thrush, P.A., 10461 Mill Run Circle, Ste.500, Owings Mills, MD 21117, *and in each case to allow actual receipt no later than June 16, 2023.*

**SEEN AND CONSENTED TO:**

/s/ Ariel Bousika  
Ariel Bouskila, Esq,  
Berkovitch & Bouskila, PLLC  
1545 U.S. 202, Suite 101  
Pomona, New York 10970  
 (212) 729-1477  
ari@bblawpllc.com  
Attorney for NCG  

s/ Christopher L. Hamlin  
Christopher L. Hamlin (#04597)  
McNamee Hosea, P.A.  
6404 Ivy Lane, Ste.820  
Greenbelt, MD 20770  
(301) 441-22420  
 chamlin@mhlawyers.com  
 Attorney for Debtor  

/s/ Owen Hare  
Owen Hare (#17924)  
Framme & Thrush, P.A.,  
10461 Mill Run Circle, Ste.500  
Owings Mills, MD 21117  

/s/ Stephen A. Metz  
Stephen A. Metz (# 13720) Friedman,  
Offit Kurman,LLC  
 7501 Wisconsin Ave.Ste.1000W  
 Bethesda, MD 20814

| | |
|---|---|
| (410) 559-9000 | (240) 507-1700 |
| ohare@fftlaaw.com | smetz@offitkurman.com |
| Attorney for BCG | Subchapter V Trustee |

Copies to:

Christopher L. Hamlin, Esq.
McNamee Hosea, P.A.
6404 Ivy Lane
Suite 820
Greenbelt, MD 20770

United States Trustee
6305 Ivy Lane
Suite 600
Greenbelt, Maryland 21202

Stephen A. Metz, Esq
Offit Kurman, LLC
7501 WisconsinAvenue
Suite 1000W
Bethesda, MD 20814
smetz@offitkurman.com

Newco Capital Group VI LLC
c/o Ariel Bouskila, Esq,
Berkovitch & Bouskila, LLC
1545 U.S. 202, Suite 101
Pomona, New York 10970

Owen Hare, Esq
Friedman, Framme & Thrush, P.A.,
10461 Mill Run Circle, Ste.500
Owings Mills, MD 21117

## END OF ORDER

# Exhibit A

|  | Week of 4-Jun | Week of 11-Jun | Week of 18-Jun |  |
|---|---:|---:|---:|---:|
| **Cash in Bank** |  |  |  |  |
|  |  |  |  |  |
| **Cash Receipts** |  |  |  |  |
| Contract Revenue |  |  | - |  |
| Safe Zone Contracts |  | 45,443.74 | 26,454.80 |  |
| Eberle Revenue | 26,439.70 |  |  |  |
| Other Clients |  | 7,538.74 | 15,052.81 |  |
| Total Income / Cash on Hand | $ 26,439.70 | $ 52,982.48 | $ 41,507.61 |  |
|  |  |  |  |  |
| **Expenses** |  |  |  |  |
| Salaries | 9,437.25 | 7,633.00 | 7,633.00 |  |
| Independent Consultants |  | 1,193.00 |  |  |
| Loan Payment (Newco/Breakout) | 1,580.00 | - | - |  |
| Payroll Expense | 945.82 | 850.00 | 850.00 |  |
| Health Insurance |  | 6,804.00 |  |  |
| A&Disability Insurance |  | 1,186.00 |  |  |
| Office Rent |  |  |  |  |
| Office Utilities (Pepco/Wash Gas) | 81.86 | 2,787.00 |  |  |
| General Liability Insurance | 2,172.00 | 1,966.00 |  |  |
| Copiers paper and envelopes | 1,480.00 |  |  |  |
| Maintenance Services |  | 526.00 |  |  |
| Professional Services (Legal, Accountant) |  |  | 1,600.00 |  |
| Subscription Serv (Sage,PayPal,Logmein) |  |  | 453.00 |  |
| Auto Truck Maint/Gas/Lease |  | - |  |  |
| Communication Expense/Internet,Wireless,Land | 1,074.53 |  |  |  |
| Office Expense - Business Forms / Paper, etc. |  |  |  |  |
| Bank Charges |  |  |  |  |
| Production Expenses | 386.18 | 723.79 |  |  |
| Relocation Expenses  (one time expense) |  |  |  |  |
| Total Expenses | $ 17,157.64 | $ 23,668.79 | $ 10,536.00 |  |
|  |  |  |  |  |
| **Net Income** | $ 9,282.06 | $ 29,313.69 | $ 30,971.61 | 69,567.36 |